**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
(973) 360-7900 (Telephone)
(973) 301-8410 (Facsimile)
*Counsel for Defendant*
*Curaleaf, Inc.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHERINE BROOKS, on behalf of herself and all other similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>CURALEAF, INC.,<br><br>  Defendant. | No. 20-cv-06323 (JSR)<br><br>Document Filed Electronically |

## DEFENDANT CURALEAF, INC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

Louis Smith
**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
smithlo@gtlaw.com
(973) 360-7900 (Telephone)
(973) 301-8410 (Facsimile)
*Counsel for Defendant*
*Curaleaf, Inc.*

## **TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ................................................................................................. 1

II. PLAINTIFF'S ALLEGATIONS ........................................................................... 1

III. LEGAL STANDARD ........................................................................................... 2

IV. PLAINTIFF'S CLASS ACTION COMPLAINT FAILS TO STATE A CLAIM .......... 3

    A. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO RAISE PLAUSIBLE ALLEGATIONS OF AN ATDS ...................................... 3

    B. PLAINTIFF'S CLAIM FOR WILLFUL OR KNOWING VIOLATIONS SHOULD BE DISMISSED ................................................................................... 7

V. CONCLUSION ................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Armstrong v. Investor's Bus. Daily, Inc.*,
   No. CV-18-2134-MWF-JPRx, 2018 U.S. Dist. LEXIS 216246 (C.D. Cal. Dec.
   21, 2018) ...................................................................................................................6

*Baranski v. NCO Fin. Sys.*,
   No. 13-CV-6349-ILG-JMA, 2014 U.S. Dist. LEXIS 37880 (E.D.N.Y. 2015) ....................4, 6

*City of Pontiac Gen. Emples. Ret. Sys. v. Lockheed Martin Corp.*,
   875 F. Supp.2d 359 (S.D.N.Y. 2012) (Rakoff, J.) ....................................................3

*Crupar-Weinmann v. Paris Baguette Am., Inc.*,
   2014 U.S. Dist.. LEXIS 91119 (S.D.N.Y. Jun. 30, 2014) (Rakoff, J.) .....................8

*Crupar-Weinmann v. Paris Baguette Am., Inc.*,
   235 F. Supp.3d 570 (S.D.N.Y. Jan. 30, 2017) .........................................................8

*Crupar-Weinmann v. Paris Baguette Am.*,
   No. 14-3709-CV, 653 Fed. Appx. 81 (2d Cir. Jun. 30, 2016) ..................................8

*Duran v. La Boom Disco, Inc.*,
   955 F.3d 279 (2d Cir. 2020) ............................................................................ *passim*

*Haley v. Hughes*,
   No. 12-CV-1079JTC, 2013 U.S. Dist. LEXIS 157104 (W.D.N.Y. Oct. 30,
   2013) .........................................................................................................................9

*Hallet v. Stuart Dean Co.*,
   No. 20-cv-3881-JSR, 2020 U.S. Dist. LEXIS 154643 (S.D.N.Y. Aug. 25,
   2020) (Rakoff, J.) ..................................................................................................2, 3

*Herrera v. Navient Corps.*,
   No. 19-cv-06583-AMD-VMS, 2020 U.S. Dist. LEXIS 122710 (E.D.N.Y. Jul.
   13, 2020) .................................................................................................................4, 5

*In re Nine West LBO Secs. Litigat.*,
   No. 20-MDV-2941-JSR, 2020 U.S. Dist. LEXIS 155966 (S.D.N.Y. Aug. 27,
   2020) (Rakoff, J.) ......................................................................................................3

*Rodriguez v. City of N.Y.*,
   649 F. Supp.2d 301 (S.D.N.Y. Sept. 2, 2009) (Rakoff, J.) .......................................7

*Santiago v. Merriman River Assocs., LLC*,
   No. 3:17-cv-2054-VAB, 2018 U.S. Dist. LEXIS 91781 (D. Conn. Jun. 1,
   2018) ............................................................................................................................8, 9

*Shcherb v. Angi Homeservices, Inc.*,
   No. 19-V-367-JPO, 2019 U.S. Dist. LEXIS 185331 (S.D.N.Y. Oct. 25, 2019).........................5

*Snyder v. Perry*,
   No 14-CV-2090-CBA-RER, 2015 U.S. Dist. LEXIS 34499 (E.D.N.Y. Feb. 4,
   2015) .........................................................................................................................3, 4, 8

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016)..................................................................................................8

*Sterling v. Securus Techs, Inc.*,
   No. 18-cv-1310-VAB, 2020 U.S. Dist. LEXIS 79618 (D. Conn. May 6, 2020)...................6, 8

*Sterling v. Securus Techs. Inc.*,
   No. 3:18-cv-1310-VAB, 2019 U.S. Dist. LEXIS 124627 (D. Conn. Jul. 26,
   2019) ................................................................................................................................4

*Warman v. Law Office of Daniel M. Slane*,
   No. 14-cv-700 (LJV), 2017 U.S. Dist. LEXIS 36053 (W.D.N.Y. Mar. 13,
   2017) ................................................................................................................................9

*Winklevoss Capital Fund, LLC v. Shrem*,
   351 F. Supp.3d 710 (S.D.N.Y. 2019) (Rakoff, J.) .....................................................................3

**Statutes**

47 U.S.C. § 227(b)(1) ......................................................................................................................3

47 U.S.C. § 227(b)(3) ......................................................................................................................7

Fair and Accurate Credit Transactions Act......................................................................................8

Telephone Consumer Protection Act of 1991, 47 U.S.C. §§ 227 *et seq*.........................................1

**Other Authorities**

Curaleaf (*available at* http://ir.curaleaf.com) ..................................................................................1

Federal Rule of Civil Procedure 12(b)(6) ................................................................................1, 10

Defendant CURALEAF, INC. ("Defendant" or "Curaleaf"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss the Class Action Complaint for alleged violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. §§ 227 *et seq*. ("TCPA") filed by Plaintiff Katherine Brooks ("Plaintiff"). Plaintiff has failed to state a claim upon which relief may be granted under the TCPA because she fails to allege sufficient facts to show that the texts at issue were transmitted using an automatic telephone dialing system.

## I.     INTRODUCTION

Plaintiff's Complaint alleges two claims that Curaleaf violated the TCPA by allegedly sending text messages to her using an automatic telephone dialing system ("ATDS"). But Plaintiff's allegations about the use of an ATDS are threadbare, and merely parrot the statutory language of the TPCA, rather than pleading *facts* giving rise to a plausible inference that the texts were transmitted using an ATDS. In particular, the Complaint contains no factual support to plausibly conclude that the system at issue has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and then to dial such numbers without human intervention. Moreover, even if Plaintiff has alleged a TCPA claim, her request for damages based on willful or knowing conduct is conclusory and should be dismissed. Thus, for the reasons set forth below, the Complaint should be dismissed.

## II.    PLAINTIFF'S ALLEGATIONS

Curaleaf is a medical marijuana cannabis operator with a presence in 23 states that operates 93 dispensaries, including, as is relevant here, in Newburgh, New York. Complaint ("Compl."), ¶¶ 3-4.[1] Plaintiff, a New York resident, filed her putative class action Complaint on August 13, 2020, alleging violations of the TCPA against Curaleaf. Dkt. No. 2. Briefly stated, Plaintiff alleges that

---

[1] *See* Compl., p. 2, fn. 1 (citing https://ir.curaleaf.com); Curaleaf (*available at* http://ir.curaleaf.com) (last visited Oct. 5, 2020).

-1-

from June 12 to July 22, 2020, Curaleaf sent her text messages that allegedly constituted an advertisement of Curaleaf's medical marijuana products. Compl., ¶¶ 23-29. Plaintiff further alleges in conclusory terms that Curaleaf transmitted the text messages through an ATDS. *Id.*, ¶¶ 2, 41, 99. Plaintiff asserts a single count for Violations of the TCPA, asserting in conclusory terms that Defendant was "negligent, or willful or knowing." *Id.*, ¶ 101.

Plaintiff alleges that Curaleaf sent Plaintiff five (5) text messages from three telephone numbers over the course of just over one month. Compl., ¶¶ 23-29. Plaintiff alleges that the text messages contained embedded links that re-directed to Curaleaf's New York medical marijuana dispensary. *Id.*, ¶¶ 25-31. The body of the texts informed Plaintiff of "Patient Appreciation Days." *Id.*, ¶¶ 24-29. Plaintiff alleges that she did not respond. *Id.*, ¶ 27.

Plaintiff further asserted that "[t]he text messages Defendant sent to Plaintiff consisted of pre-written templates of impersonal text and were identical to text messages Defendant sent to other consumers." *Id.*, ¶ 34. Plaintiff avers that these text messages are "standardized, impersonal, and consistent in structure and format." *Id.*, ¶ 38. Plaintiff then leaps to the conclusion that, "upon information and belief," "Defendant sent these advertisement and marketing text messages at issue using equipment which has the capacity to store numbers to be called or to produce numbers to be called and to dial such numbers automatically." *Id.*, ¶ 39. Plaintiff further avers "[u]pon information and belief the hardware and software combination utilized by Defendant has the capacity to store and dial sequentially generated numbers, randomly generated numbers, or numbers from a database of numbers." *Id.*, ¶ 41.

### III.  LEGAL STANDARD.

"To survive a motion to dismiss, a complaint must allege 'enough facts to state a claim that is plausible on its face.'" *Hallet v. Stuart Dean Co.*, No. 20-cv-3881-JSR, 2020 U.S. Dist. LEXIS 154643, at *8 (S.D.N.Y. Aug. 25, 2020) (Rakoff, J.) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007)). "If a complaint 'pleads facts that are merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* at *9 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Unlike factual allegations, however, legal conclusions pleaded in a complaint are not entitled to the assumption of truth." *In re Nine West LBO Secs. Litigat.*, No. 20-MDV-2941-JSR, 2020 U.S. Dist. LEXIS 155966, at *20 (S.D.N.Y. Aug. 27, 2020) (Rakoff, J.). "A claim is plausible if it is supported by 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Winklevoss Capital Fund, LLC v. Shrem*, 351 F. Supp.3d 710, 717 (S.D.N.Y. 2019) (Rakoff, J.). A "formulaic recitation" of "labels and conclusions" is insufficient. *City of Pontiac Gen. Emples. Ret. Sys. v. Lockheed Martin Corp.*, 875 F. Supp.2d 359, 374 (S.D.N.Y. 2012) (Rakoff, J.).

## IV.  PLAINTIFF'S CLASS ACTION COMPLAINT FAILS TO STATE A CLAIM.

### A. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO RAISE PLAUSIBLE ALLEGATIONS OF AN ATDS.

The TCPA provides, in relevant part, that it "shall be unlawful…to make any call (other than a call…made with the prior express consent of the called party) using an automatic telephone dialing system…to any telephone number assigned to a….cellular telephone service." 47 U.S.C. § 227(b)(1). "[T]o prove a violation of the TCPA, [Plaintiff] must show that: (1) a call was placed to a cell or wireless phone; (2) by the use of any automatic dialing system… (3) without the prior consent of the recipient." *Snyder v. Perry*, No 14-CV-2090-CBA-RER, 2015 U.S. Dist. LEXIS 34499, at *13 (E.D.N.Y. Feb. 4, 2015) (internal quotations omitted), *report adopted in part*, 2015 U.S. Dist. LEXIS 33668, at *1 (E.D.N.Y. Mar. 18, 2015).

"According to the TCPA, a dialing system qualifies as a ATDS if it has two concurrent capacities." *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 282-83 (2d Cir. 2020). "First, it must have the 'capacity…to store or produce telephone numbers to be called, using a random or sequential

number generator.'" *Id*. at 282 (*citing* 47 U.S.C. § 227(a)(1)(A)). Under this first element, "for a program to qualify as an ATDS, the phone numbers it calls must be either stored in any way or produced using a random-or sequential-number generator." *Id*. at 284. "Second, it must have the 'capacity…to dial such numbers.'" *Id*. at 283 (*citing* 47 U.S.C. § 227(a)(1)(A)). A system has the "capacity…to dial such numbers" when the system can "'dial such numbers without human intervention.'" *Id*. at 287 (*quoting In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14,014, 14,092 (2003)). "[C]licking 'send' or some similar button…is not the same thing as dialing, since it is not the actual or constructive inputting of numbers to make an individual telephone call or to send an individual text message." *Id*. at 289-90.

To state an ATDS claim, a plaintiff must allege "the facts about the calls or the circumstances that make it plausible that they were made using an ATDS." *Herrera v. Navient Corps.*, No. 19-cv-06583-AMD-VMS, 2020 U.S. Dist. LEXIS 122710, at *16 (E.D.N.Y. Jul. 13, 2020) (internal citations omitted).

"Although there is no binding precedent in this circuit, the vast majority of courts to have considered the issue have found that a bare allegation that the defendants used an ATDS is not enough." *Baranski v. NCO Fin. Sys.*, No. 13-CV-6349-ILG-JMA, 2014 U.S. Dist. LEXIS 37880, at *18 (E.D.N.Y. 2015) (internal quotations and citations omitted). Instead, to state a claim involving an ATDS, "plaintiffs must do more than simply parrot the statutory language." *Sterling v. Securus Techs. Inc.*, No. 3:18-cv-1310-VAB, 2019 U.S. Dist. LEXIS 124627, at *17 (D. Conn. Jul. 26, 2019) (dismissing ATDS allegations where plaintiff simply pled the time period of the calls and "parrot[ed] the statutory language."); *Snyder*, 2015 U.S. Dist. LEXIS 34499, at *13 (plaintiff failed to state a plausible ATDS claim where "the complaint merely restates the elements of a violation of this section [TCPA].").

Where, as here, the plaintiff alleges "upon information and belief" that an ATDS was used,

it is insufficient. *Shcherb v. Angi Homeservices, Inc.*, No. 19-V-367-JPO, 2019 U.S. Dist. LEXIS 185331, at *4 (S.D.N.Y. Oct. 25, 2019) (complaint failed to state an ATDS claim where plaintiff pled "upon information and belief" that defendant "used equipment that had the capacity to store and produce telephone numbers to be called and/or texted, using a random or sequential number generated and/or a predictive dialer; with the capacity to dial such numbers."); *Herrera*, 2020 U.S. Dist. LEXIS 122710, at *17 (dismissing ATDS claim where "[t]he plaintiff has to do more than simply recite the statutory language.").

Here, Plaintiff has failed to allege facts raising a plausible inference that the system can store numbers or produce numbers, using a random or sequential number generator, and has the capacity to dial such numbers without human intervention. Aside from parroting the language of the statute in Paragraph 39 of her Complaint, Plaintiff has failed to allege factual allegations from which the Court could draw the reasonable inference that the technology at issue was an ATDS. In Paragraph 39, Plaintiff alleges that the equipment "has the capacity to store numbers to be called or to produce numbers to be called and to dial such numbers automatically." Plaintiff's allegation is a re-wording of *Duran*, but not a factual allegation. In Paragraph 41, Plaintiff alleges "the software and hardware combination utilized by Defendant has the capacity to store and dial sequentially generated number, randomly generated numbers, or numbers from a database of numbers." Compl., ¶ 41. Such legal conclusions are insufficient to meet the *Duran* standard. *Cf. Shcherb,* 2019 U.S. Dist. LEXIS 185331, at *4 (complaint failed to state an ATDS claim where plaintiff pled "upon information and belief" that defendant "used equipment that had the capacity to store and produce telephone numbers to be called and/or texted, using a random or sequential number generated and/or a predictive dialer; with the capacity to dial such numbers.").

Plaintiff's other attempts to raise an inference of an ATDS fare no better. For example, as the apparent sole basis, Plaintiff alleges that "[t]he impersonal and generic nature of Defendant's text

message demonstrates that Defendant used an ATDS." *Id*., ¶ 34. But the mere "impersonal" nature of the text messages is not enough. *Armstrong v. Investor's Bus. Daily, Inc.*, No. CV-18-2134-MWF-JPRx, 2018 U.S. Dist. LEXIS 216246, at *13-*16 (C.D. Cal. Dec. 21, 2018) (plaintiff failed to state ATDS claim merely where the text message at issue was characterized as "generic and impersonal.").

Plaintiff's other allegations do not raise an inference that an ATDS is at play. For example, Plaintiff's allegation that she received a total of five texts in just over a month does not raise any inference that an ATDS is at play. *Sterling v. Securus Techs, Inc.*, No. 18-cv-1310-VAB, 2020 U.S. Dist. LEXIS 79618, at *10-*11 (D. Conn. May 6, 2020) (despite allegation of details, such as the calling number and the repetition of calls, was not sufficient to state an ATDS claim); *Baranski*, 2014 U.S. Dist. LEXIS 37880, at *3 & *17 (holding the complaint "contains no new facts about the calls received by Baranski that permit an inference that they were made using an ATDS," even though complaint alleged eight different calls).

Plaintiff does not meet the standard by pleading the three transmitting numbers for the text messages. Compl., ¶¶ 23-24, 28-29. Plaintiff alleges that the calls were placed from different numbers, but that does not lead to the inference that the system at issue was capable of storing numbers or that random or sequential number generation was at play. *Sterling*, 2020 U.S. Dist. LEXIS 79618, at *10-*11.

Plaintiff makes general allegations on how text messaging works (Compl., ¶ 43-44), but none of that leads to the inference that the technology at issue was capable of storing numbers or random or sequential number generation, and had the capacity of dialing such numbers automatically without human intervention.

Finally, Plaintiff has alleged, "upon information and belief," a lack of human intervention, but those allegations miss the mark under *Duran*. *See* Compl., ¶ 35 ("Upon information and good

-6-

faith belief, the language in the messages was automatically generated and inputted into pre-written text templates without individualized human intervention in the drafting or sending of the messages"); ¶ 40 ("Upon information and belief, no human directed any single text messages to Plaintiff's cellular telephone number"). The allegations in Paragraph 35 refer to the method of generating the "language in the messages" of the text messages, not the method of storing or generating the Plaintiff's telephone number or dialing that telephone number. The allegations in Paragraph 40 are nothing more than a conclusory allegation that an ATDS was used. A system has the "capacity…to dial such numbers" under the TCPA when the system can "'dial such numbers without human intervention.'" *Duran*, 955 F.3d 287 (*quoting In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC RCD. 14,014, 14,092 (2003)). In short, Plaintiff has alleged nothing to give rise to an inference that the system was capable of storing telephone numbers or generating random or sequential numbers, and dialing them.

### B. PLAINTIFF'S CLAIM FOR WILLFUL OR KNOWING VIOLATIONS SHOULD BE DISMISSED.

Plaintiff's claim for "willful or knowing" violations of the TCPA should be dismissed because Plaintiff has utterly failed to plead plausible facts alleging an inference of Defendant's supposed willfulness or knowledge. The TCPA permits treble damages "if the court finds that the defendant willfully or knowingly violated this subsection." 47 U.S.C. § 227(b)(3). Plaintiff simply pleads the bald legal conclusions that "Defendant's conduct was negligent, or willful or knowing." Compl., ¶ 101. "A claim that rests only on conclusory allegations cannot survive a motion to dismiss." *Rodriguez v. City of N.Y.*, 649 F. Supp.2d 301, 308 (S.D.N.Y. Sept. 2, 2009) (Rakoff, J.) (*citing Achtman v. Kirby, McInerny & Squire*, 464 F.3d 328, 337 (2d Cir. 2006) ("Conclusory allegations or legal conclusions…will not suffice to [defeat] a motion to dismiss") (internal citation omitted).

"In order for a defendant's conduct to be `willful' or `knowing' for purposes of treble damages under the TCPA, courts in this Circuit have held that bad faith is not necessarily required; rather, it is enough for a defendant to act with knowledge that the conduct violates the law." *Santiago v. Merriman River Assocs., LLC*, No. 3:17-cv-2054-VAB, 2018 U.S. Dist. LEXIS 91781, at *12 (D. Conn. Jun. 1, 2018) (internal quotations and citation omitted).  Courts have required allegations of "sufficient factual information that [the defendant] knew or should have known" that the requirements of the TCPA were not met.  *Id*. at *13-14.  The elements that the facts must plausibly imply willfulness or knowledge are that "(1) a call was placed to a cell or wireless phone; (2) by the use of any automatic dialing system… (3) without the prior consent of the recipient." *Snyder*, 2015 U.S. Dist. LEXIS 34499, at *13; *Santiago*, 2018 U.S. Dist. LEXIS 91781, at *9 & *13-*14.[2]

Here, Plaintiff is missing any facts supporting her conclusory allegations of knowledge – let alone facts directed to each of the elements of the claim.  Plaintiff's naked legal conclusion that "Defendant's conduct was negligent, ***or willful or knowing***" is insufficient because there are no facts pled whatsoever to show such willfulness or knowledge.  Compl., ¶ 101 (emphasis added).  *Sterling*,

---

[2] In *Crupar-Weinmann v. Paris Baguette Am., Inc*., 2014 U.S. Dist.. LEXIS 91119, at *7-*11 (S.D.N.Y. Jun. 30, 2014) (Rakoff, J.), this Court analyzed "willfulness" under the Fair and Accurate Credit Transactions Act, which "encompasses both knowing and reckless violations of FACTA."  In analyzing willfulness, the court held that a "knowing violation" "cannot be inferred solely from the fact that a defendant knew of the relevant statute and then violated it."  *Id*. at *9.  The Court found that the allegations of "willfulness" were insufficient because they were conclusory.  *Id*. at *11.  The Second Circuit vacated and remanded in light of *Spokeo*, but did not disturb or question this Court's analysis on the topic of willfulness.  *Crupar-Weinmann v. Paris Baguette Am*., No. 14-3709-CV, 653 Fed. Appx. 81 (2d Cir. Jun. 30, 2016) (*citing Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)).  This Court then dismissed again (albeit on subject matter jurisdiction grounds), *Crupar-Weinmann v. Paris Baguette Am., Inc*., 235 F. Supp.3d 570 (S.D.N.Y. Jan. 30, 2017), and was affirmed by the Second Circuit.  *Crupar-Weinmann v. Paris Baguette Am.*, Inc., 861 F.3d 76, 79 (2d Cir. 2017).  Curaleaf submits that this Court's original analysis of willfulness in *Crupar-Weinmann*, 2014 U.S. Dist. LEXIS 91119, at *7-*11, is instructive relating to pleading willfulness under the TCPA and supports granting this Motion.

2020 U.S. Dist. LEXIS 79618, at *10-*11.  (dismissing claim of willful or knowing violation of TCPA, in context of dismissal of entire TCPA claim, where allegation were "based on legal conclusions, unsupported by further allegations").  Plaintiff alleges that she is the owner of a cell phone, but no facts supporting Curaleaf's knowledge of the cell phone number.  Compl., ¶ 22.  Plaintiff alleges (narrowly) that Curaleaf "did not have Plaintiff's prior express consent to place automated text message to Plaintiff on her cellular telephones," but no facts that affirmatively suggest that Curaleaf had knowledge, and ignored it.  Compl., ¶ 42.

Plaintiff is missing the facts that support a plausible inference of willfulness or knowledge that was present in other cases.  *Santiago*, 2018 U.S. Dist. LEXIS 91781, at *9 & *13-*14 (inference of knowing or willful conduct present due to calls to cell phone being placed on National Do Not Call Registry); *Warman v. Law Office of Daniel M. Slane*, No. 14-cv-700 (LJV), 2017 U.S. Dist. LEXIS 36053, at *15 (W.D.N.Y. Mar. 13, 2017) ("Before awarding treble damages for any willful or knowing violations of the TCPA, a court should have evidence that a defendant was aware or should have been aware that it called an individual after he or she asked that the calls stop or that the defendant knew it was violating the TCPA but kept calling anyway"); *Cf. Haley v. Hughes*, No. 12-CV-1079JTC, 2013 U.S. Dist. LEXIS 157104, at *5-*6 (W.D.N.Y. Oct. 30, 2013) (awarding treble damages only for time period after plaintiff "advised defendant that the number it was calling was a cellular number and asked defendant to stop the calls").  Accordingly, Count I should be dismissed to the extent that it is based on a willful or knowing violation of the TCPA.

**V.     CONCLUSION**.

Based on the foregoing, the Court should dismiss the entirety of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief may be granted.

Dated: October 8, 2020

/s/ Louis Smith
Louis Smith
**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
smithlo@gtlaw.com
(973) 360-7900 (Telephone)
(973) 301-8410 (Facsimile)
*Counsel for Defendant*
*Curaleaf, Inc.*